IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE WELDON ETHERIDGE, JR., )<br>　　Plaintiff, )<br> )<br>v. )<br> )<br>NATIONAL GENERAL INSURANCE )<br>COMPANY and STATE FARM )<br>MUTUAL AUTOMOBILE )<br>INSURANCE COMPANY, )<br>　　Defendants. ) | CIVIL ACTION NO. 1:19-00422-JB-N |

## REPORT AND RECOMMENDATION

This action is before the undersigned Magistrate Judge *sua sponte* on review of the Court's subject matter jurisdiction.[1]  This case was removed to this Court from the Circuit Court of Mobile County, Alabama, under 28 U.S.C. § 1441(a), with the Notice of Removal (Doc. 1) alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for the Court's subject matter jurisdiction.  *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410.  "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

plain statement of the grounds for removal…").

In its order dated and entered August 1, 2019, the Court ordered National General Insurance Company ("National General"), the purported removing defendant, to file an amended notice of removal to identify whether it and Defendant State Farm Mutual Automobile Insurance Company were corporations or unincorporated entities, and, if the latter, to properly allege their citizenships. In response, an entity identifying itself as Integon National Insurance Company ("Integon") has filed an amended notice of removal. Integon claims that it "was incorrectly named National General Insurance Company in the [state court] Complaint" and that it "corrected this mistake" in its answer, also filed in state court. (Doc. 4 at 1). However, Integon admits that it and National General are distinct legal entities, with Integon being a subsidiary corporation of National General. (Doc. 4 at 2 n.1). Thus, Integon's attempted "correction" via answer was in actuality an attempt to intervene as a party defendant, and there is no indication that the state court granted Integon permission to intervene, *see* Ala. R. Civ. P. 24 (requiring a "timely application" to be "permitted" to intervene), or that the Plaintiff amended its complaint to add Integon as a party, prior to removal. As Integon is not, and was not at the time of removal, a party to this action, its citizenship is irrelevant for purposes of determining whether removal was proper, *see Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("[W]e assess jurisdictional facts at the time of removal."), and the amended notice of removal still fails to clarify whether National General, which was a party at the time of removal, is a corporation or an unincorporated entity, as directed by the Court's prior order.

The amended notice of removal also suggests another jurisdictional defect, in

that Integon claims that the use of National General to identify the removing entity was "due to a clerical error" (Doc. 4 at 2; *see also id.* (identifying the initial notice of removal as "Integon's original Notice of Removal"), thus suggesting that Integon, not National General, was the removing entity.   Only "the defendant or the defendants" may remove a civil action under 28 U.S.C. § 1441(a).   In this Circuit, removal under § 1441 by a non-party to the suit is a jurisdictional, rather than procedural, defect. *See Hous. Auth. of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973)[2] ("We conclude that HUD was not made a party to the suit, a precondition for the district court to have removal jurisdiction under either Title 28, U.S.C., Section 1441 or Section 1442(a)(1).   The district court lacked jurisdiction to rule on the substantive issues.");[3] *Betts v. Progressive Specialty Ins. Co.*, No. CV 16-00254-N,

---

[2] "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981."   *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

[3] While the undersigned has not located an Eleventh Circuit case, or another former Fifth Circuit case, applying *Millwood* for this proposition, non-binding new Fifth Circuit authority issued after September 1981 persuasively supports this reading of *Millwood.   See Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006) ("[T]his court has held that where an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action. *See Housing Auth. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973)."); *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437, 439 n.5 (5th Cir. 2014) (per curiam) (unpublished) ("Under 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings. *See Salazar v. Allstate Tex. Lloyd's, Inc.,* 455 F.3d 571, 575 (5th Cir. 2006) ("[W]here an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action."); *Hous. Auth. of City of Atlanta, Ga. v. Millwood,* 472 F.2d 268, 272 (5th Cir. 1973) (holding that, where removal is initiated by a non-party, the district court is without subject matter jurisdiction). []Here, State Farm never became a party in this action.   Jongh did not name State Farm as a defendant in her original petition; although it asserted in its answer and notice of removal that Jongh incorrectly named Lloyds as a defendant, State Farm did not

2016 WL 3825431, at *2 (S.D. Ala. July 13, 2016) (same).

By order dated and entered August 9, 2019, the undersigned explained the foregoing jurisdictional defects and gave "National General and any other interested party … until **Friday, August 23, 2019**, to file and serve any briefing and other materials they deem necessary to demonstrate why the undersigned should not enter a recommendation to the Court that this case be remanded *sua sponte* for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c) ('If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.') for th[ose] reasons…" No party filed any response to the August 9 order by the deadline, nor has any party requested additional time to do so.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b)(1), the undersigned **RECOMMENDS** that the Court *sua sponte* **REMAND** this case to the Circuit Court of Mobile County, Alabama, under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

**DONE** this the 27th day of August 2019.

>  */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

move to intervene or otherwise request that the district court substitute it as the proper party in interest. Consequently, it lacked the authority to remove this action to federal court. *See Salazar,* 455 F.3d at 575; *Millwood,* 472 F.2d at 272 … State Farm contends that, to the extent it erred in improperly removing the case to federal court as a non-party, such error is, at worst, a 'procedural defect' that Jongh waived when she failed to move for remand within thirty days of removal. *See* 28 U.S.C. § 1447(c). We disagree. State Farm's removal of this case did not transform it into a party to the case.").

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."   11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.